**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ADRIAN BAUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cv-01557-AGF |
| | ) | |
| R.J. REYNOLDS TOBACCO COMPANY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion to remand. ECF No. 19. Defendant R. J. Reynolds Tobacco Company ("Reynolds") removed the action to this Court pursuant to 28 U.S.C. § 1441(b), arguing that Defendant Schnuck Markets, Inc. ("Schnucks") was fraudulently joined to prevent federal diversity jurisdiction. Schnucks has also filed a motion to dismiss. ECF No. 10. Both Defendants argue that Schnucks should be dismissed pursuant to Mo. Rev. Stat. § 537.762, commonly referred to as Missouri's "Innocent Seller" statute.

For the reasons discussed below, the Court will deny Plaintiff's motion and will dismiss Schnucks without prejudice, as fraudulently joined.

## BACKGROUND

Plaintiff filed suit in state court on July 22, 2020, alleging that he developed chronic obstructive pulmonary disease as the result of smoking cigarettes manufactured by Reynolds and sold by Schnucks. Plaintiff brought claims for strict products liability,

negligent design, fraudulent concealment, and concealment fraud conspiracy against. Reynolds. Plaintiff brought a single claim for strict products liability against Schnucks.

Reynolds removed the case to the federal court on October 30, 2020, alleging that the Court had diversity jurisdiction under 28 U.S.C. § 1332. Although Schnucks shares Plaintiff's Missouri citizenship, Reynolds alleges that complete diversity exists because Schnucks was fraudulently joined. Specifically, Reynolds alleges that Schnucks is subject to dismissal under Missouri's Innocent Seller statute because Plaintiff's claim against Schnucks is based solely on its status as a seller in the stream of commerce, and the manufacturer, Reynolds, is properly before the Court and is a defendant from whom Plaintiff may obtain total recovery. Schnucks and Reynolds have also filed separate motions to dismiss.

Plaintiff argues that Schnucks was properly joined and, therefore, the case must be remanded for lack of complete diversity.[1] Plaintiff contends that Defendants' "innocent seller" argument is an affirmative defense that cannot be the basis for fraudulent joinder, and that the defense hinges on unsettled questions of state law, including the effect of a recent amendment to the statute.

## DISCUSSION

A defendant may remove an action from state court to federal court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441. For federal diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1), there must be complete

---

[1] Reynolds has plausibly alleged, and Plaintiff does not dispute, that the amount in controversy exceeds the jurisdictional threshold set forth in 28 U.S.C. § 1332.

diversity of citizenship, meaning that "no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). In addition, actions where jurisdiction is predicated solely on diversity are removable only if none "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand. *In re Business Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

The doctrine of fraudulent joinder is an exception to the complete diversity rule. Under this doctrine, a defendant's right to remove an action based on diversity jurisdiction cannot be defeated by the fraudulent joinder of a non-diverse or resident defendant. *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011). Joinder of a defendant is fraudulent where "no reasonable basis in fact and law" exists to support claims asserted against that defendant; in such a situation, dismissal of the fraudulently joined defendant is proper. *Thompson v. R.J. Reynolds Tobacco Co.*, 760 F.3d 913, 915 (8th Cir. 2014). The removing party bears the burden of proving that joinder was fraudulent. *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 808 (8th Cir. 2003).

In determining whether a defendant was fraudulently joined, the district court must decide "whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Id.* at 811. This question turns on whether the plaintiff might have a "colorable" claim against the resident defendant. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010). In making a prediction as to

whether state law might impose liability based on the facts alleged, "the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Filla*, 336 F.3d at 811. Where the sufficiency of the plaintiff's claim is questionable, "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." *Id.*

In Missouri, a plaintiff may bring a products liability claim against a defendant, situated anywhere in the chain of commerce, if the defendant transferred the product, the product was used in a manner reasonably anticipated, and either:

> "(a) [t]he product was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use, and the plaintiff was damaged as a direct result of such defective condition as existed when the product was sold; or
>
> (b) [t]he product was then unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics, and the plaintiff was damaged as a direct result of the product being sold without an adequate warning.

Mo. Rev. Stat. § 537.760.

However, under Missouri's Innocent Seller statute, "[a] defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim" so long as "another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claim." Mo. Rev. Stat. § 537.762.

Interpreting the Innocent Seller statute, the Missouri Supreme Court has held that "inherent in the statute is a substantive public policy choice of significant importance"

and that it was "clear that [the Missouri] legislature sought to protect 'innocent' wholesalers and retailers from the perils of products liability claims, both procedurally and substantively by section 537.762." *Gramex Corp. v. Green Supply, Inc*., 89 S.W.3d 432, 445–46 (Mo. 2002). Therefore, "to the extent that a plaintiff can otherwise obtain 'total recovery,' all liability of a downstream seller who would otherwise be jointly and severally liable to plaintiff for damages and subject to contribution from the other defendants, is shifted to upstream defendants, including the manufacturer." *Id*. at 445. Because the dismissal provisions of the statute are substantive in nature, federal courts sitting in diversity must apply it. 28 U.S.C. § 1652; *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

Recently, the Missouri legislature amended the statute to remove § 537.762(6), which stated:

> No order of dismissal under this section shall operate to divest a court of venue or jurisdiction otherwise proper at the time the action was commenced. A defendant dismissed pursuant to this section shall be considered to remain a party to such action only for such purposes.

Mo. Rev. Stat. § 537.762(6) (2018). But the legislature retained the last provision of the statute, which states that "[a]n order of dismissal under this statute is interlocutory in nature and may be set aside for good cause at any time prior to disposition." Mo. Rev. Stat. § 537.762(7) (2018). The provision was renumbered and is now Mo. Rev. Stat. § 537.762(6).

The parties here disagree about the impact of the 2019 amendment, and, specifically, whether the seller remains a functional party because the dismissal is

interlocutory and the party can be reinstated for good cause. The parties also disagree about whether a defense based on the statute can be the basis for fraudulent joinder.

Notably, the attorneys in this case are litigating several other similar products liability actions removed from state court to this District and in which nearly identical motions to remand and to dismiss have been filed. In a recent ruling, Chief Judge Rodney W. Sippel held that Defendants have the better argument, and the undersigned is persuaded by Chief Judge Sippel's analysis. *See Andrews v. Reynolds and Schnucks*, Case No. 4:20-cv-1583-RWS, ECF No. 28 (E.D. Mo. Dec. 18, 2020).

Chief Judge Sippel relied primarily on *Block v. Toyota Motor Corp*., 665 F.3d 944 (8th Cir. 2011), in which the Eighth Circuit held that Minnesota's Innocent Seller statute could provide the basis for fraudulent joinder. The Minnesota statute "mandates dismissal of strict liability claims against nonmanufacturers where the nonmanufacturer provides the identity of the manufacturer, unless the plaintiff shows that the nonmanufacturer falls into one of three exceptions." *Id.* (citing Minn. Stat. § 544.41 subdiv. 3). "If no exception applies, dismissal is mandatory but '[t]he plaintiff may at any time subsequent to dismissal move to vacate the order of dismissal and reinstate the ... defendant' where it can show an inability to recover against the manufacturer." *Id.* (citing Minn. Stat. § 544.41 subdiv. 2). The Eighth Circuit held that the statute could be a basis for fraudulent joinder, notwithstanding that the seller could theoretically be reinstated as a party.

In arriving at this conclusion, the Eighth Circuit specifically contrasted the Minnesota statute with the former version of the Missouri statute, which provided that a

dismissed seller "remain[ed] a party for jurisdiction purposes." *Id.* at 949. However, as noted above, this distinguishing language of the Missouri statute was removed as part of the 2019 amendment. The current Missouri Innocent Seller statute is substantively similar to the Minnesota statute, and *Block*'s holding therefore applies with equal force.

Moreover, as Chief Judge Sippel noted, the district court decisions out of the Eastern and Western Districts of Missouri, which both parties cite and which addressed the pre-2019 version of the Missouri statute, are not controlling here. The cases from the two districts have been split on whether fraudulent joinder could be based on the old version of the Missouri Innocent Seller statute. *Compare, e.g., Thomas v. Brown & Williamson Tobacco Corp*., No. 06-0223-CV-WSOW, 2006 WL 1194873 (W.D. Mo. Apr. 28, 2006) (holding that fraudulent joinder could be shown); *with Fahy v. Taser Int'l, Inc.*, No. 4:10CV19 CDP, 2010 WL 559249, at *2 (E.D. Mo. Feb. 10, 2010) (holding that it could not). Nor do these cases create an "ambiguity in the current controlling substantive law" that must be resolved in Plaintiff's favor. *Cf. Filla*, 336 F.3d at 811. Any ambiguity in this case relates not to application of the state statute to Plaintiff's claims, but merely to whether a fraudulent joinder argument may be premised on the statute. And, in any event, the cases are irrelevant as they do not address the current version of the Missouri statute.

Having concluded that Missouri's Innocent Seller statute may indeed serve as the basis for a finding of fraudulent joinder, the Court also concludes that the statute unambiguously precludes Plaintiff's claim against Schnucks here. Plaintiff argues that the Court may not consider affidavits or other documents outside the pleadings when

considering a motion to remand. But, "[i]n general, courts have concluded that a district court considering a motion for remand 'may consider the pleadings, supporting affidavits, and the motion for remand and supporting affidavits.'" *Ridings v. Maurice*, No. 15-00020-CV-W-JTM, 2015 WL 1474080, at *3 (W.D. Mo. Mar. 31, 2015) (quoting *Parnas v. Gen. Motors Corp*., 879 F. Supp. 91, 93 (E.D. Mo. 1995); *see also Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994) ("[F]raudulent joinder claims can be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony."). Therefore, the Court will consider the affidavits filed with Defendants' removal petition, which evidence that total recovery for Plaintiff's claim may be had against Reynolds.

Because Plaintiff's complaint against Schnucks is based solely on its status as a seller in the stream of commerce, and because Reynolds is properly before this Court and total recovery for Plaintiff's claim may be had against Reynolds, as evidenced by the financial details included in the Defendant's affidavit, Schnucks was fraudulently joined and Plaintiff's motion for remand will be denied. *See Andrews*, Case No. 4:20-cv-1583-RWS, ECF No. 28 (concluding the same). The Court will dismiss Plaintiff's claims against Schnucks without prejudice. *See Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 896 (8th Cir. 2014) (holding that claims against a fraudulently joined defendant should dismissed without prejudice for lack of subject-matter jurisdiction).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **DENIED**. ECF No. 19.

**IT IS FURTHER ORDERED** that Defendant Schnuck Markets, Inc. is **DISMISSED without prejudice** as a party.

**IT IS FURTHER ORDERED** that Defendant Schnuck Markets, Inc.'s Motion to Dismiss is **DISMISSED without prejudice, as moot.** ECF No. 10.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 28th day of December, 2020.